IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI A. HARRISON-EL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4725 |
| | : | |
| DR. JANE DOE, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                                   **MARCH 1, 2024**

    Plaintiff Ali. A. Harrison-El, who is currently incarcerated at SCI Smithfield, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights arising from an alleged illegal detention by hospital personnel. Currently before the Court are Harrison-El's Complaint ("Compl." (ECF No. 2)), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1),[1] Prisoner Trust Fund Account Statement (ECF No. 7), and Motion to

---

[1] On February 27, 2024, Harrison-El filed a Prisoner Trust Fund Account Statement that reflects the balance in his account as of February 1, 2024, but does not reflect deposits, withdrawals and balances for the six-month period preceding his filing of this action on November 6, 2023. (*See* ECF No. 7.) This filing does not comply with the requirements of 28 U.S.C. §1915(a)(2). However, previously, in response to an Administrative Order directing him to file a six-month account statement, Harrison-El advised the Court by letter that his requests for a copy of his inmate account statement had been denied by the Bucks County Correctional Facility, where he was then housed, allegedly in retaliation for his filing of civil rights complaints. (*See* ECF Nos. 5, 6.) The Court deems Harrison-El to have substantially complied with the requirements of 28 U.S.C. § 1915(a)(2) and will proceed with screening his Complaint.

Recuse.² (*Id*.)  Harrison-El asserts claims against Frankford Langhorne Hospital³ ("Frankford") and Frankford employees Dr. Jane Doe, Nurse Jane Doe, and Nurse Sofia (collectively, the "Frankford Defendants"). (Compl. at 2-3.)  He asserts his claims against the Frankford Defendants in their individual and official capacities.⁴ (*Id*.)  For the following reasons, the Court will grant Harrison-El leave to proceed *in forma pauperis*.  The Court will dismiss Harrison-El's request for release from custody and expungement of his record without prejudice to Harrison-El filing a *habeas corpus* petition.  Harrison-El's constitutional claims will be dismissed without prejudice for failure to state a claim.  His state law claims will be dismissed without prejudice for

---

² Harrison-El included a letter to the undersigned with his Prisoner Trust Fund Account Statement in which he seeks recusal. (ECF No. 7 at 1.)  Without providing any basis for his claim, Harrison-El asserts that the undersigned has joined in a conspiracy against him with Bucks County "judicial and so-called professional entities," and on that basis seeks recusal. (*Id*.)  Recusal is rarely justified based upon rulings made by the Court. *Liteky v. United States*, 510 U.S. 540, 554 (1994).  Recusal is not required merely because of a litigant's "dissatisfaction with District Court rulings." *In re Brown*, 623 F. App'x 575, 576 (3d Cir. 2015).  Further, a litigant's accusations of bias that are "unsupported, irrational, or highly tenuous speculation" do not require recusal. *Id.*  Harrison-El's unsupported and speculative accusations do not warrant recusal and his motion will be denied.  The Clerk of Court will be directed to separately docket the Motion.

³ The Court understands Harrison-El to be referring to Frankford Hospital – Bucks County, which is located in Langhorne, Pennsylvania. *See* https://www.countyoffice.org/frankford-hospital-bucks-county-langhorne-pa-0be/ (last accessed February 25, 2024).

⁴ To the extent that Harrison-El asserts claims against employees of Frankford in their "official capacities," such claims are not cognizable because Frankford is a private entity. *See Kreis v. Northampton Cnty. Prison*, No. 21-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (stating that official capacity claims are "inapplicable to suits against private parties where the entity is also susceptible to suit") (citing *Owens v. Connections Cmty. Support Programs, Inc.,* 840 F.Supp.2d 791, 796 (D. Del. 2012) ("Generally, a suit against a [ ] public officer in his or her official capacity is used to compel that officer to take some official action [and that] concept . . . is inapplicable to suits against private parties where the entity is also susceptible to suit.")).  Even if official capacity suits against individuals who work for private companies are cognizable, the suit would, in effect, be one against the company for whom that individual works. *See Kentucky v. Graham,* 473 U.S. 159, 105 (1985).  Accordingly, Harrison-El's official capacity claims against Dr. Jane Doe, Nurse Jane Doe, and Nurse Sofia will be dismissed with prejudice.

2

lack of subject matter jurisdiction. Harrison-El will be granted leave to file an amended complaint. His Motion to Recuse will be denied.

I.      **FACTUAL ALLEGATIONS**[5]

Harrison-El's allegations are brief. He alleges that the facts giving rise to his claims occurred in the early morning hours of October 6 or 7, 2023. (Compl. at 5.) He alleges that he was awakened by officers and medical personnel in his front yard, and thereafter taken to Frankford, where he alleges he was detained. (*Id.*) He claims that during this time (approximately nine hours) he was harassed, assaulted, and injured by officers and hospital personnel. (*Id.* at 4.) He also alleges that his personal property was stolen. (*Id.*) He alleges that he was subsequently transported to a correctional facility. (*Id.*) He alleges that he was injured as a result of the Defendants' conduct. (*Id.* at 5.)

Harrison-El asserts violations of his Fourth Amendment rights and related state law claims. (*Id.* at 3.) As relief, he requests that the Court charge unidentified, non-Defendant

---

[5] The factual allegations set forth in this Memorandum are taken from Harrison-El's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

officers[6] and the Frankford Defendants criminally[7] and relieve them of their official duties. (*Id.* at 5.) He also requests that he be released from prison and that his record be expunged,[8] and that he be awarded money damages. (*Id.*)

---

[6] The publicly available docket in *Commonwealth v. Harrison-El*, CP-09-CR-5770-2023 (C.P. Bucks) reflects that Harrison-El was arrested on October 6, 2023, and charged with identity theft, providing false identification to a police officer, possession of a controlled substance, use or possession of drug paraphernalia, public drunkenness, and disorderly conduct. (*Id.*) He is currently awaiting formal arraignment on these charges. (*Id.*) Harrison-El filed a civil rights Complaint alleging excessive use of force claims against arresting Falls Township Police Officers William Tanner and "John Doe" based on the October 6, 2023 arrest. That action is currently pending at *Harriso-El v. 1 John Doe Officer*, Civ. A. No. 23-4364 (E.D. Pa.) To the extent Harrison-El seeks to reassert those claims here, he may not do so. If Harrison-El seeks to pursue those claims, he must do so in *Harrison-El v. 1 John Doe Officer*.

[7] The Court cannot provide this relief. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties"); *Sanders v. Downs*, No. 08-1560, 2010 WL 817475 at *5 (M.D. Pa. Mar.9, 2010) (dismissing plaintiff's claim that police defendants failed to adequately investigate thefts at his home, since "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation") (quoting *Fuchs v. Mercer Cnty.*, 260 F. App'x 472, 475 (3d Cir. 2008) (alterations in the original); *Nedab v. Lencer*, No. 06-54, 2007 WL 853595 at *3 (W.D. Pa. Mar. 20, 2007) (plaintiff lacked standing to assert constitutional violation premised on state police officer's alleged failure to investigate and file criminal charges related to assault against plaintiff). Furthermore, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

[8] The Court cannot provide this relief in a §1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jaffery v. Atl. Cty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal

4

## II.     STANDARD OF REVIEW

The Court will grant Harrison-El leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[9] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Harrison-El is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.    DISCUSSION

---

of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus."). Accordingly, this claim is dismissed without prejudice to Harrison-El filing a *habeas corpus* petition seeking this relief after exhausting state remedies.

[9] However, as Harrison-El is a prisoner, he will be obligated to pay the full filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

5

### A. Section 1983 Claims

The Court liberally construes Harrison-El's Complaint as asserting a violation of his Fourth Amendment rights. These claims are not plausible. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

Harrison-El does not allege that the Frankford Defendants are state actors. Whether these Defendants may be considered as acting under color of state law — i.e., whether they are state actors as that term is used in § 1983 — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Harrison-El alleges only that medical personnel, along with police officers, were present when he was awakened and placed in an ambulance, and that they and police

officers detained and assaulted him over a nine hour period. (Compl. at 4, 5.) He does not plausibly allege facts from which the Court could find that the Frankford Defendants were state actors for purposes of § 1983 liability. *See, e.g., Carver v. Plyer*, 115 F. App'x 532, 537-38 (3d Cir. 2004) (holding that "St. Luke's is not a state actor for purposes of section 1983 under any of the possible tests used to determine whether one's conduct is attributable to the state[,]" where plaintiff asserted that the hospital became a state actor when "it acted in conjunction with police to restrain and treat [plaintiff] without her consent.")

Additionally, Harrison-El's claims are not plausible because they are undeveloped and conclusory. Fourth Amendment claims based on excessive force used in the course of an arrest are analyzed under that amendment's "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)). Harrison-El alleges that medical personnel were present when he was awakened and placed in an ambulance but does not describe any of the circumstances surrounding that event. (Compl. at 5.) He alleges that he was illegally detained for nine hours at Frankford, but does not identify who detained him, how, or why. (*Id*. at 4.) He alleges he was assaulted and suffered bodily harm, but he does not allege who or how he was assaulted or the circumstances surrounding the alleged assault.

7

Absent facts supporting Harrison-El's claim that he was illegally detained and subjected to excessive force, he has not "nudged" his claims from the merely possible to the plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."); *Iqbal*, 556 U.S. at 678 (conclusory allegations are not sufficient to state a plausible claims).  For this reason, too, his claims are not plausible.

Moreover, Harrison-El's claims are not plausible as pled because he refers throughout his Complaint to "medical personnel" collectively and does not describe any conduct engaged in by any particular Defendant.  *See, e.g., Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (agreeing with the district court that the repeated and collective use of the word "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged'").  In these circumstances, Harrison-El's allegations do not adequately describe the relevant "who, what, where, when, and how" that form the basis for his claims.  The Complaint does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Medical Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017); *see also Wright v. United States*, No. 22-1164, 2023 WL 4540469, at *2 (3d Cir. July 14, 2023) (*per curiam*) (holding that dismissal with prejudice of a *pro se* amended complaint for failure to state a claim was proper where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them since "[[t]e balance of defendants has been left to guess the specific factual nature and the legal basis of [the plaintiff's] claims against them, such that they are unable to properly answer or prepare for trial.") (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Harrison-El does not identify which of the named Defendants transported him to Frankford, detained him, assaulted him, stole his belongings, or transported him to prison, or provide facts to put the Defendants on notice of how their actions violated his constitutional rights. Harrison-El's constitutional claims will be dismissed for failure to state a plausible claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Because the Court cannot state with certainty that Harrison-El can never state a plausible claim, he will be permitted to file an amended complaint to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).

**B.     State Law Claims**

Construed liberally, Harrison-El may be asserting state law claims for assault and conversion against the named Defendants. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*,

9

592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). The plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). To determine the citizenship of a corporation for purposes of diversity under § 1332, courts use the test announced by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Under *Hertz*, a corporation is a citizen of its state of incorporation and its principal place of business, i.e., its "nerve center." *Id.* at 80-81. A nerve center is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically "found at a corporation's headquarters." *Id.*

Harrison-El does not allege the citizenship of the parties. Rather, he provides only a prison address for himself and Pennsylvania business addresses for the Defendants, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, Harrison-El has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue. Harrison-El's state law claims will be dismissed without prejudice. He will be granted leave to amend these claims to allege diversity of citizenship if he can plausibly do so.

IV.     CONCLUSION

For the foregoing reasons, the Court will grant Harrison-El leave to proceed *in forma pauperis*. The Court will dismiss Harrison-El's request for release from custody and expungement of his record without prejudice to Harrison-El filing a *habeas corpus* petition. Harrison-El's constitutional claims will be dismissed without prejudice for failure to state a claim. His state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Harrison-El will be granted leave to file an amended complaint. Harrison-El's Motion to Recuse will be denied.

An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**