IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI A. HARRISON-EL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4725 |
| | : | |
| DR. JANE DOE, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                                      **AUGUST 6, 2024**

The Court previously dismissed the claims brought by *pro se* Plaintiff Ali. A. Harrison-El, a convicted prisoner who is currently incarcerated at SCI Phoenix. *See Harrison-El v. Dr. Jane Doe*, No. 23-4725, 2024 WL 897578, at *2 (E.D. Pa. Mar. 1, 2024). Currently before the Court is a letter to this Court from Harrison-El seeking reinstatement of the claims previously dismissed, that the Court construes as a timely motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e).[1] (ECF No. 13 ("Motion")). Also before the Court is a proposed Amended Complaint Harrison-El included with the Motion. (ECF No. 12 ("AC")). The AC, filed pursuant to 42 U.S.C. § 1983, asserts violations of Harrison-El's constitutional rights arising from an alleged illegal detention and inadequate medical care provided by hospital personnel. He asserts claims against "Frankford Langhorne Med."[2] ("Frankford") and Frankford

---

[1] *See Lacey v. City of Newark*, 828 F. App'x 146, 150 (3d Cir. 2020) (*per curiam*) ("A post-judgment motion to amend a complaint is properly construed as either a motion pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, depending upon when it was filed." (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 (3d Cir. 2011))); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

[2] Harrison-El includes "Frankford Langhorne Med." – apparently a referenced to Jefferson Bucks Hospital in Langhorne, Pennsylvania – in the caption of the AC, and lists it as the

employees Nurse Sophia, Nurse Jane Doe, and Dr. Jane Doe (collectively, the "Frankford Defendants") in their individual and official capacities. (AC at 2-3.) For the following reasons, Harrison-El's Motion will be denied, the AC will be stricken, and this case will remain dismissed.

## I. PROCEDURAL HISTORY

In his original Complaint, Harrison-El asserted Fourth Amendment and related state law claims against the Frankford Defendants based on events that occurred at Frankford on or about October 6 or 7, 2023. *See Harrison-El*, 2024 WL 897578, at *2. He asserted both individual and official capacity claims against the Defendants. *Id*. at *1. As relief, he requested release from prison, expungement of his criminal record, and an award of money damages.[3] *Id*. at *2. Upon screening, the Court dismissed with prejudice Harrison-El's official capacity claims, denied his request for release from prison without prejudice to the filing of a petition for writ of *habeas corpus*, dismissed his constitutional claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissed his state law claims for lack of subject matter jurisdiction. *Id*. at *5. He was granted leave to file an amended complaint. *Id*.

When Harrison-El did not file an amended complaint within the time permitted, the Court entered an Order dismissing his constitutional claims with prejudice and his state law claims without prejudice for lack of subject matter jurisdiction, but without further leave to amend. (*See*

---

employer of the other named Defendants, but there are no factual allegations in the AC describing a basis for imposition of liability on this entity. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In light of the Court's disposition of Harrison-El's Motion, it is not necessary to address this pleading defect.

[3] Harrison-El also requested that the Court charge unidentified, non-Defendant police officers and the Frankford Defendants criminally and relieve them of their official duties, but the Court explained that it could not provide that relief. *Harrison-El*, 2024 WL 897578 at *2 n.7.

May 15, 2024 Order, ECF No. 11.) On June 11, 2024, the undersigned received a letter in chambers from Harrison-El, explaining that he had not received the Court's screening Memorandum and Order, mailed to Harrison-El at SCI Smithfield, because he had been transferred to SCI Phoenix before they arrived. (*See* Motion.) Both the letter and the attached AC were subsequently docketed.

## II.   MOTION FOR RECONSIDERATION

Federal Rule of Civil Procedure 15 governs amended complaints. "[W]hen a timely motion to amend the complaint is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors, and leave to amend must be assessed for undue delay, bad faith, prejudice to the opposing party, or futility." *Lacey*, 828 F. App'x at 150; *see also Jang v. Boston Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013) ("We have held that '[w]here a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors.'" (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001)). "Therefore, the fact that the amended pleading offered by the movant will not cure the defects in the original pleading that resulted in the judgment of dismissal may be a valid reason both for denying [amendment and reconsideration]." *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002) (internal quotations omitted). Upon reviewing the proposed AC, it is apparent that it does not cure the defects in the original Complaint.

### A.   Factual Allegations[4]

The allegations contained in the AC are brief. Harrison-El alleges that the events giving rise to his claims occurred on an early October morning, apparently in 2023 (*see Harrison-El*,

---

[4] The factual allegations set forth in this Memorandum are taken from Harrison-El's AC (ECF No. 12). The Court adopts the pagination supplied by the CM/ECF docketing system.

2024 WL 897578, at *1), when he was taken to the Frankford emergency room ("ER") by two unidentified Falls Township police officers. (AC at 5.) In the ER, he was allegedly handcuffed to a hospital bed. (*Id*. at 4.) Dr. Jane Doe, Nurse Jane Doe, and Nurse Sophia then allegedly administered several injections with a tainted syringe and infected him with the Hepatitis C virus. (*Id*.) Harrison-El claims that the Frankford Defendants aided an illegal detention and provided him with inadequate medical care. (*Id*. at 3, 4.) In addition to Fourth and Eighth Amendment claims, Harrison-El asserts state law claims for assault, conspiracy to commit assault, attempted homicide, abuse, and negligence. (*Id*. at 3.) He claims that because of the Defendants' conduct, he has sustained injuries including a dislocated shoulder, fractured ribs, and a Hepatitis C infection with resulting kidney damage. (*Id*. at 5.) He seeks money damages. (*Id*.)

### B.  Standard of Review

The Court has already granted Harrison-El leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting

*Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Harrison-El is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### C. Section 1983 Claims

Harrison-El asserts that the Frankford Defendants participated in illegally detaining him and provided him with inadequate medical care in the Frankford ER. (AC at 3-5.) The Court liberally construes Harrison-El as asserting violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). Harrison-El's claims are not plausible.

Upon statutory screening of the original Complaint, the Court dismissed Harrison-El's constitutional claims because the facts alleged in the Complaint were not sufficient to plausibly allege state action on the part of the Frankford Defendants. *Harrison-El*, 2024 WL 897578, at *3. The Court explained how the Defendants could be considered as acting under color of state law, citing relevant caselaw, and granted him leave to amend his claims to address this deficiency. *Id*. However, in his AC, Harrison-El still does not allege that the Frankford

5

Defendants are state actors. He does not allege the existence of "such a close nexus between the State and the challenged action that [the Frankford Defendants'] seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). He alleges only that he was transported to the Frankford ER by Falls Township police officers and handcuffed to a bed (conduct he does not attribute to the Frankford Defendants), where the Frankford Defendants allegedly administered several injections with a tainted syringe. (AC at 4.) He does not allege that administering the injections constituted the exercise of a power traditionally exclusively held by the state, that the Defendants did so with the help of or in concert with state officials, or that the state has so far insinuated itself into a position of interdependence with Frankford and its employees that the state must be recognized as a joint participant in the administration of treatment in the ER at Frankford. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). In short, Harrison-El again does not plausibly allege facts from which the Court could find that the Frankford Defendants were state actors for purposes of § 1983 liability. *See, e.g., Carver v. Plyer*, 115 F. App'x 532, 537-38 (3d Cir. 2004) (holding that a hospital "is not a state actor for purposes of section 1983 under any of the possible tests used to determine whether one's conduct is attributable to the state[,]" where plaintiff asserted that the hospital became a state actor when "it acted in conjunction with police to restrain and treat [plaintiff] without her consent.") Because the allegations in the AC do not cure the deficiency that resulted in dismissal of Harrison-El's constitutional claims, his Motion is properly denied. *See Ahmed*, 297 F.3d at 209. Moreover, as Harrison-El has already been given an opportunity to cure the defects in his claims and has been unable to do so, the Court concludes that further attempts at amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir.

2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story").

        **D.**      **State Law Claims**

In his AC, Harrison-El asserts state law claims for assault, conspiracy to commit assault, attempted homicide, abuse, and negligence. (AC at 3.) The Court previously dismissed similar state law claims for lack of subject matter jurisdiction. *See Harrison-El*, 2024 WL 897578, at *4-*5. The Court explained that in the absence of plausible federal claims, Harrison-El would be required to establish that diversity jurisdiction existed if he intended to pursue his state law claims in this Court. *Id*. at *4. The Court described how diversity jurisdiction is established, emphasizing the need for complete diversity of citizenship among the parties, provided Harrison-El with relevant caselaw, and granted him leave to amend his claims to address this deficiency. *Id*. at *5. However, in his AC, Harrison-El again does not allege the citizenship of the parties. Again, he provides only a prison address for himself and Pennsylvania business addresses for the Defendants, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Because the allegations in the AC do not cure the deficiency that resulted in the dismissal of Harrison-El's state law claims, his Motion will be denied. *See Ahmed*, 297 F.3d at 209.

**IV.**     **CONCLUSION**

For the foregoing reasons, Harrison-El's Motion will be denied, his AC will be stricken, and this case will remain closed. An appropriate Order follows.

                                                  **BY THE COURT:**

                                          */s/ John M. Gallagher*
                                          **JOHN M. GALLAGHER, J.**